On a motion before this Court to reverse this decision, it was held that this case was decided by the case of The State v. Fields, 2 Bail. 554, and State v. Lemon :* and the motion was dismissed.

 The State v. Moses Lemon.
The defendant was indicted and convicted at Chester, Springy Term, 1831, for harboring a runaway slave contrary to the act of 1821. The act provides that any person “ convicted of said offence, shall he fined and imprisoned at the discretion Of the Court, not exceeding one thousand dollars fine, nor one year’s imprisonment.” On the plea of the statute of limitations, the question was, whether the prosecution was barred by the act of 1748,
Mr. Justice Earle held, that the prosecution was not barred; that although the aGt against harboring subjects the offender to ‘ a penalty, fine or forfeiture,’ (m the words of the act of 1748,) it also subjects him to imprisonment in addition to the fine, and a corporal punishment is not embraced in the words ‘ penalty or forfeiture,’ both of which were intended to apply to cases where the punishment is pecuniary only. All punishments are in Some sort penalties, taking the word in its largest signification. But suppose that the act had provided merely “ that the offender should be subject only to such penalty, fine or forfeiture, as the Court in its discretion might impose it would hardly be contended that the Court might imprison, whip, or send to the stocks or the pillory. And yet, if imprisonment be a penalty within the meaning of the act, then would whipping be, or the stocks, or the pillory, or any other punishment which the discretion or the fancy of the Court might impose. If the act had provided only that the offender should be imprisoned, the limitation then would not apply, because imprisonment is not a penalty within the meaning of that term, when used in that connection; and because, if it should be, it would apply in all cases, let the punishment be what it might, unless the time of prosecution were expressly limited or provided. The union of both modes of punishment in one clause, *629 does not vary the case. If the clause had been in the alternative, to pay a fine or be imprisoned, or as in case of hog stealing, to pay so much, and on failure, to be imprisoned, the bar would apply: for it could not be permitted, in the first case, that the Court should select, in the exercise of its discretion, that mode of punishment which is not pecuniary, in order to avoid the limitation; and in the last case, the heavier punishment would only be conditional or contingent on the non-payment of the fine — the penalty is in fact pecuniary, and if the fine be barred, the consequence of not paying it must also be barred. In the case under consideration, the act expressly subjects the offender both to fine and imprisonment; and the act of limitations only provides that no prosecution shall be commenced “ for or in respect of such penalty, fine or forfeiture, unless within six months; and that from thenceforth the offender shall not be liable or subject to such penalty, fine or forfeiture.” But it does not follow that the imprisonment is barred because the fine is, or that the offender, because he is discharged from the penalty, fine, or forfeiture, (the terms beirg used here as synonymous,) is likewise discharged from the other punishment for the same offence.
His Honor sentenced the defendant to imprisonment, considering him discharged “ in respect of the fine.”
On appeal, the decision of the Circuit Court was affirmed. For the opinion of the Court of Appeals, see State v. Fields, 2 Bail. 554, which was delivered as the judgement of this Court, in both that case and this.